James A. DeLAUGHTER, Jr., Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 93–3066.

United States Court of Appeals, Federal Circuit.

Sept. 1, 1993.

J. Robert McCormack, Wiggins & McCormack, Clearwater, FL, argued, for petitioner.

Joan C. Goodrich, Sr. Atty., U.S. Postal Service, Washington, DC, argued, for respondent. With her on the brief, were Stuart E. Schiffer, Acting Asst. Atty. Gen., Dept. of Justice and R. Andrew German, Chief Counsel. Of counsel were Mark D. Rubino, Sharon Y. Eubanks and David M. Cohen, Dept. of Justice.

Before MAYER, CLEVENGER and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

James A. DeLaughter, Jr. petitions for review of a Merit Systems Protection Board (Board) opinion and order, Docket No. AT07529110657, which granted the United States Postal Service's petition for review, reversed the initial decision of the administrative judge (AJ) and sustained the agency's removal of Mr. DeLaughter, 55 M.S.P.R. 380. We reverse and remand with instructions to dismiss the agency's petition for review.

I

The Postal Service removed Mr. DeLaughter from his position of PS–5 Mail Handler, effective May 11, 1991. Mr. DeLaughter appealed his removal to the Board. On October 11, 1991, the AJ sustained the agency's charges but mitigated the penalty to a 90–day suspension. The AJ ordered the Postal Service to provide Mr. DeLaughter with interim relief pursuant to section 7701(b)(2)(A) of Title 5 of the United States Code in the event the agency filed a petition for review to the full Board. Interim relief constituted returning Mr. DeLaughter to work, or alternatively putting Mr. DeLaughter on administrative leave after making an express determination that returning him to work would be unduly disruptive to the work environment at the Postal Service. 5 U.S.C. § 7701(b)(2)(A) (Supp. IV 1992).

On petition for review to the full Board, the Postal Service submitted an affidavit asserting that it placed Mr. DeLaughter on paid administrative leave retroactive to September 6, 1991, the date of the AJ's initial decision. The Board found that the Postal Service's failure to make an express determination that Mr. DeLaughter's return to work would be unduly disruptive was harmless error and that it did not warrant dismissal for failure to comply with the Board's interim relief regulation codified at 5 C.F.R. § 1201.-115(b)(2) (1993). The Board also found that the Postal Service would make such a determination if it did not return Mr. DeLaughter to work on a long term basis. The Board further found that the Postal Service's failure to notify Mr. DeLaughter and the AJ that returning Mr. DeLaughter to work would be unduly disruptive was a technical failure ex-

cused by the fact that Mr. DeLaughter in fact received interim monetary relief in the form of administrative leave. On the merits, the Board reversed the AJ's mitigation of Mr. DeLaughter's penalty, finding that removal was the appropriate remedy. Chairman Levinson dissented from the Board's decision, stating that the Postal Service's petition for review should be dismissed because the Postal Service presented no evidence that it had made the unduly disruptive determination required by statute or notified the AJ and Mr. DeLaughter as required by the Board's regulation. *See* 5 C.F.R. § 1201.-115(b)(4) (1993) ("Failure of the agency to submit evidence that it has complied with the granting of interim relief in accordance with ... this section, or that it has provided notification that interim relief will not be granted fully in accordance with ... this section, will result in the dismissal of the agency's petition or cross petition for review.")

II

On appeal, Mr. DeLaughter asserts that the Postal Service's petition for review ought to have been dismissed because it failed to make the unduly disruptive determination required by section 7701(b)(2)(A) or to provide the notice required by 5 C.F.R. § 1201.-115(b). The Postal Service responds that it met the statutory and regulatory requirements by putting Mr. DeLaughter on administrative leave retroactive to the date of the AJ's initial decision of September 6, 1991 followed by Mr. DeLaughter's return to work on October 16, 1991, where he remained until the October 29, 1992 order of the full Board upholding the agency's removal. According to the Postal Service, Mr. DeLaughter's appeal is frivolous because Mr. DeLaughter failed explicitly to inform the court that he had indeed received his monetary remedy. The Postal Service seeks sanctions for having to defend an appeal it considers frivolous.

III

■ Although we review the Board's decision under a very narrow standard, we must reverse a decision that is (1) arbitrary, capricious, an abuse of discretion, or otherwise not

in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); *Marano v. Department of Justice*, 2 F.3d 1137, 1141 (Fed.Cir.1993). Section 7701(b)(2)(A) states, in pertinent part:

> *If an employee or applicant for employment is the prevailing party* in an appeal under this subsection, *the employee or applicant shall be granted the relief provided in the decision effective upon the making of the decision,* and remaining in effect pending the outcome of any petition for review under subsection (e), *unless—*
>
> \*      \*      \*      \*      \*      \*
>
> (ii)(I) the relief granted in the decision provides that such employee or applicant shall return or be present at the place of employment during the period pending the outcome of any petition for review under subsection (e); and
>
> (II) *the employing agency, subject to the provisions of subparagraph (B), determines that the return or presence of such employee or applicant is unduly disruptive to the work environment.*

5 U.S.C. § 7701(b)(2)(A)(ii) (Supp. IV 1992) (emphasis added). Subparagraph (B) requires that if the agency determines that returning an employee to the work place would be unduly disruptive it must ensure that the employee receives all pay and benefits by placing the employee on administrative leave. *See* 5 U.S.C. § 7701(b)(2)(B) (Supp. IV 1992).

■ When the Postal Service petitioned the full Board for review of the AJ's initial decision, it merely submitted a declaration from agency representative Patricia G. Boylan, in which she declared, in part:

> On or about September 16, 1991, Mr. De[L]aughter was placed on (paid) Administrative Leave retroactively to September 6, 1991.

The Postal Service conceded at oral argument that it presented no evidence to show that it made the unduly disruptive finding required by subsection 7701(b)(2)(A)(ii) because it did not in fact make such a determination.

In this case it is abundantly clear that the Postal Service failed to follow the appellate review procedure mandated by Congress for petitions for review of an AJ's initial decision returning an employee to work. Congress has decided that if a deciding official returns an employee to his place of work the agency must effectuate that remedy. The only way in which the Postal Service could avoid putting Mr. DeLaughter back to work was to determine that his presence would be "unduly disruptive." In such circumstances, the Postal Service may deny the employee the benefits of being on the job, although it must continue to ensure that the employee receives his monetary remedy by placing him on administrative leave.

The Postal Service did not fulfill the unmistakably clear statutory obligation. By excusing the Postal Service's failure to make an unduly disruptive finding as harmless error, the Board failed to enforce this statutory obligation. In so doing, the Board inappropriately equated compensation with employment. There are many benefits, both tangible and intangible, which may accrue to an employee who is actually present and working, instead of being away from the work place while on administrative leave. For example, the employee may gain valuable work experience; he may be eligible for performance awards; he may be assigned overtime duty; or he may benefit psychologically from earning his pay rather than merely receiving it. Thus, such failure to comply with the statute can hardly be harmless error. We are frankly astonished that the Postal Service maintained both in its brief as well as at oral argument that it was frivolous for Mr. DeLaughter to contest the Postal Service's willful disregard of the measures Congress instituted to enforce its stated preference for returning an employee to work.

We particularly point out that the Postal Service's outrage over Mr. DeLaughter's failure to inform us that he was placed on administrative leave and subsequently returned to work is misplaced. When an employee is the prevailing party before an AJ of the Board, section 7701(b)(2) requires the

agency to do one of two things: return the employee to the work place or place him on administrative leave after making an unduly disruptive determination. In either case, the employee will be compensated monetarily. Unless notified that the Postal Service had failed to comply with this statutory requirement, this court would have correctly assumed that Mr. DeLaughter was indeed in some sort of pay status. As discussed above, however, Mr. DeLaughter's pay status is irrelevant to the issue raised by this appeal.

Because the Postal Service failed to comply with the directives contained in section 7701(b)(2)(A), the Board had no choice but to dismiss the Postal Service's petition for review. We therefore remand this case to the Board with directions to dismiss the Postal Service's petition for review pursuant to 5 U.S.C. § 7701(b)(2)(A) and 5 C.F.R. § 1201.-115(b)(4).

Costs to appellant.

REVERSED and REMANDED.