68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bruce HENRY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3226.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1995.
 
 Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Bruce Henry petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0752940665-I-1, dismissing his appeal for lack of jurisdiction. Because the United States Postal Service's action in placing Henry on administrative leave with pay does not constitute a suspension as defined in 5 U.S.C. Sec. 7502(2), we affirm.
 
 DISCUSSION
 
 2
 On April 6, 1993, the United States Postal Service (agency) placed Henry on administrative leave pending a determination of his fitness for full duty and an investigation into alleged filings of frivolous discrimination complaints. Henry filed an appeal to the board, alleging that the agency's action constituted a "constructive suspension." The board dismissed his appeal for lack of jurisdiction. The board's initial decision became final when neither the agency nor Henry filed a petition for review.
 
 
 3
 After Henry failed to authorize release of medical records necessary to the agency's determination of his fitness for duty, the agency placed him on enforced leave without pay on September 24, 1993. Henry petitioned the board for review. However, the parties settled the case when Henry agreed to release the necessary medical records. In exchange, the agency placed Henry back on administrative leave with pay pending completion of the agency's investigations.
 
 
 4
 In March 1994, the agency agreed that Henry was fit for full duty. However, it continued to maintain Henry in administrative leave status until it could make a determination as to Henry's alleged misconduct. Henry remained in administrative leave status until December 7, 1994, when he was removed.
 
 
 5
 On August 10, 1994, prior to his removal, Henry filed another board appeal again alleging that his continued placement on administrative leave constituted a constructive suspension. An administrative judge (AJ) dismissed the appeal for lack of jurisdiction. Relying on our decision in Henry v. Department of the Navy, 902 F.2d 949 (Fed.Cir.1990),* the AJ held that placement of an employee in an administrative leave status, without loss of basic pay, is beyond the board's jurisdiction. The AJ's decision became final when Henry failed to petition for review.
 
 
 6
 Our review of board decisions is limited to determining whether they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Whether the board has jurisdiction is a question of law, which we review de novo. Forest v. Merit Sys. Protection Bd., 47 F.3d 409, 410 (Fed.Cir.1995).
 
 
 7
 On appeal, Henry contends that placement in an administrative leave status resulted in a constructive suspension due to lost overtime pay, work experience, job training, and the psychological benefits associated with work. In support, Henry relies on DeLaughter v. United States Postal Service, 3 F.3d 1522 (Fed.Cir.1993). Henry argues that DeLaughter held that it is inappropriate to limit the benefits of employment to compensation alone. Therefore, Henry concludes that the board has jurisdiction over his appeal because the agency's action resulted in a constructive suspension when it denied him the additional benefits normally associated with work. We disagree.
 
 
 8
 A federal employee is provided the right to petition to the board for review of any "suspension of more than 14 days." 5 U.S.C. Sec. 7512(2) (1994). The term "suspension" is defined by 5 U.S.C. Sec. 7501(2) as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay [emphasis added]." Here, the board properly determined that placement of an employee in an administrative leave status, without loss of basic pay, is not a suspension within the board's jurisdiction. See Henry, 902 F.2d at 953-54 ("Since her pay was not reduced, there is simply no adverse action from which the petitioner can appeal to contest her placement on administrative leave.").
 
 
 9
 Henry's reliance on DeLaughter is misplaced. In DeLaughter, the board reversed an agency decision and granted interim relief, requiring the agency to return DeLaughter to work. DeLaughter, 3 F.3d at 1523. In response, the agency placed DeLaughter on administrative leave rather than returning him to work. In our decision on appeal, we acknowledged that there are "many benefits ... which may accrue to an employee who is actually present and working, instead of being away from the work place while on administrative leave." Id. at 1524. However, we merely held that an agency must explicitly make a determination of undue disruption before it may place an employee on administrative leave once the board has awarded interim relief. Our holding did not modify or overrule our prior decisions in which we held that placement of an employee in an administrative leave status pending removal procedures, without loss of basic pay, is not an appealable suspension and is beyond the board's jurisdiction. Here, Henry was placed on administrative leave with pay pending an agency investigation. The board did not grant interim relief requiring the agency to return Henry to work as in DeLaughter. Therefore, the board lacked jurisdiction.
 
 
 10
 We have considered Henry's other arguments and do not find them relevant or persuasive. Thus, we affirm the board's dismissal for lack of jurisdiction.
 
 
 
 *
 Henry is not related to the party involved in our previous decision, Henry v. Department of the Navy, 902 F.2d 949 (Fed.Cir.1990)