**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 9**

Docket No. CH-0752-17-0442-I-1

**Kenneth J. Johnson,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

February 28, 2023

William J. O'Malley, Esquire, Columbus, Ohio, for the appellant.

Amber Groghan, Esquire, Akron, Ohio, for the agency.

Nicholas E. Kennedy, Esquire, Chillicothe, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1 The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 30-day suspension. The appellant has filed a petition for enforcement of the order for interim relief, which we consider as a motion to dismiss the petition for review. For the reasons set forth below, we GRANT the appellant's motion and DISMISS the agency's petition for review.

BACKGROUND

¶2      The agency proposed the appellant's removal from his GS-11 Social Worker position based on the following charges: (1) Conduct Unbecoming (four specifications); and (2) Absence Without Leave (AWOL) (five instances totaling 126 hours). Initial Appeal File (IAF), Tab 9 at 4-6. After the appellant responded to the notice, IAF, Tab 12 at 14, the deciding official found the charges proven and removed the appellant. IAF, Tab 8 at 73, 78.

¶3      The appellant filed an appeal challenging his removal; he requested a hearing. IAF, Tab 1. He subsequently added, as affirmative defenses, discrimination based on race, age, disability, and gender, and retaliation for protected equal employment opportunity (EEO) activity. IAF, Tab 16.

¶4      Thereafter the administrative judge issued an initial decision in which she did not sustain any of the four specifications under the Conduct Unbecoming charge or the charge itself. IAF, Tab 20, Initial Decision (ID) at 2-15. She found that the agency proved the AWOL charge as to 120 of the 126 hours charged, and that therefore the AWOL charge was sustained. ID at 15-20. The administrative judge next carefully considered, but found unproven, all of the appellant's affirmative defenses. ID at 20-31. The administrative judge then found that the agency proved there was a nexus between the sustained misconduct and the efficiency of the service. Finally, she addressed the penalty, noting that she had sustained only one of the two charges brought against the appellant. ID at 32. She found the testimony of the deciding official not credible regarding the extent to which he considered the relevant *Douglas* factors[1] prior to making his decision. She further found that, even if she had found the deciding official credible, he did

---

[1] *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981) (holding that the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness).

not address whether he would have removed the appellant if not all the charges were sustained. ID at 33. Under these circumstances, the administrative judge found the agency's penalty determination not worthy of deference. ID at 33-34. Based on the evidence of record, including the hearing testimony regarding the sustained misconduct, the administrative judge considered all of the pertinent *Douglas* factors and determined that the maximum reasonable penalty in this case was a 30-day suspension. ID at 34-41. She ordered the agency to provide the appellant with interim relief if either party filed a petition for review. ID at 42.

¶5 　　The agency has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the appellant has responded.[2] PFR File, Tab 4. The agency has replied to the appellant's response to its petition for review. PFR File, Tab 6. The appellant has also filed a petition for enforcement of the administrative judge's interim relief order, PFR File, Tab 3, to which the agency has responded, PFR File, Tab 5, and the appellant has replied to the agency's response, PFR File, Tab 7.

---

[2] The appellant has not, in a properly filed petition or cross petition for review, challenged the administrative judge's findings that the agency proved the AWOL charge and that he (the appellant) did not establish any of his affirmative defenses. We find no basis to disturb these findings, which show that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

Even so, we consider an aspect of the appellant's race, age, disability, and gender discrimination and EEO reprisal affirmative defenses not addressed in the initial decision. ID at 26-31. Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's actions, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

ANALYSIS

¶6        When an appellant is the prevailing party in an initial decision and the administrative judge has ordered interim relief under 5 U.S.C. § 7701(b)(2)(A), an agency must submit a certification with its petition for review that it has either complied with the interim relief order or that it has made a determination that the appellant's return to, or presence in, the workplace would be unduly disruptive. 5 U.S.C. § 7701(b)(2)(A)(ii); 5 C.F.R. § 1201.116(a).   An agency's failure to provide the required certification or to provide evidence of compliance in response to a Board order may result in the dismissal of the agency's petition for review.  5 C.F.R. § 1201.116(e).[3]

¶7        There are two elements to interim relief.  The first is returning the appellant to the workplace while the petition for review is pending unless the agency determines that the return or presence of the appellant would be unduly disruptive.  5 U.S.C. § 7701(b)(2)(A)(ii).  The second element is providing the appellant with pay and benefits while the petition for review is pending; the agency must provide pay and benefits even if it does not return the appellant to the workplace.   5 U.S.C. § 7701(b)(2)(B).   When an appellant alleges noncompliance with an interim relief order, the Board's authority is restricted to reviewing whether an undue disruption determination was made when required,

---

[3] The agency took its removal action in this case under the legal authority of 5 U.S.C. chapter 75, IAF, Tab 8 at 73, and the administrative judge took jurisdiction over this appeal under chapter 75, ID at 1.  On June 23, 2017, the same day the agency removed the appellant, the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714), was enacted into law.  The VA Accountability Act contains a specific provision limiting the relief available to an employee who is challenging a removal under 38 U.S.C. § 714(c).   38 U.S.C. § 714(d)(7).  Because the agency removed the appellant under chapter 75, and not under 38 U.S.C. § 714(c), that provision of the Act does not apply to this case.  *See* 38 U.S.C. § 714(d)(7).  Therefore, our decision in this case is based on the legal standards under chapter 75 and we express no view on whether the result would be the same under the VA Accountability Act.

and whether the appellant is receiving appropriate pay and benefits. *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 6, *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006). The Board will not entertain a petition for enforcement of an interim relief order before a final decision is issued; rather, it will treat such a petition as a motion to dismiss the agency's petition for review. *Id.*; *see* 5 C.F.R. § 1201.116(g) (providing for interim relief enforcement petitions in certain circumstances after a final decision is issued).

¶8      In response to the appellant's petition regarding interim relief, the agency submitted evidence showing that it had cancelled the appellant's removal and placed him on leave without pay. PFR File, Tab 5 at 113, 116. The agency argues that its action was appropriate because the appellant was unable to work. *Id.* at 4-7. We need not determine whether the agency's actions constitute a valid undue disruption determination because it is undisputed that the agency did not provide the appellant with pay and benefits upon filing the petition for review. An undue disruption determination does not relieve the agency of its obligation to pay the appellant and provide benefits during the interim relief period. 5 U.S.C. § 7701(b)(2)(B); *DeLaughter v. U.S. Postal Service*, 3 F.3d 1522, 1524 (Fed. Cir. 1993). The appellant's ability to work could affect his entitlement to back pay,[4] but it has no impact on the agency's statutory obligation to provide pay during the interim relief period. *See Abbott v. Department of Veterans Affairs*, 67 M.S.P.R. 124, 129 (1995) (finding an agency not in compliance with an interim relief order when it conditioned the appellants' return to duty and pay on the submission of medical evidence); *Doyle v. Department of the Air Force*, 56 M.S.P.R. 240, 242

---

[4] The agency argues in its submission regarding interim relief that the appellant is not entitled to back pay. PFR File, Tab 5 at 6-7. However, back pay is not part of the agency's interim relief obligation because interim relief is effective upon the issuance of the initial decision. 5 U.S.C. § 7701(b)(2)(A), (C). Any dispute regarding the appellant's entitlement to back pay can be addressed in a petition for enforcement of the Board's final decision, if necessary.

(same). We therefore conclude that the agency has not complied with the interim relief order.

¶9 The resumption of pay during the interim relief period is the most fundamental element of interim relief. *Bradstreet v. Department of the Navy*, 83 M.S.P.R. 288, ¶ 13 (1999). Given the agency's failure to make any effort to provide such pay, we find that dismissal of the petition for review is appropriate. *See id.* (dismissing an agency's petition for review when the agency failed to pay the appellant for a period of 8 months after issuance of the initial decision).

ORDER

¶10 The agency's petition for review is dismissed. This is the final decision of the Board regarding the agency's petition for review. The initial decision will remain the final decision of the Board regarding the merits of the appeal, as supplemented by our discussion of the appellant's affirmative defenses. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

¶11 We ORDER the agency to cancel the removal action and to substitute a 30-day suspension effective June 23, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13   We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14   No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15   For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

<u>NOTICE OF APPEAL RIGHTS</u>[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , <u>137 S. Ct. 1975</u> (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.