# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CHRISTA NYAMEKYE,
                    Appellant,

                v.

DEPARTMENT OF COMMERCE,
                    Agency.

DOCKET NUMBER
DC-0752-20-0388-I-2

DATE: April 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James A. Hill</u>, Esquire, and <u>Michael L. Spekter</u>, Esquire, Silver Spring, Maryland, for the appellant.

<u>Chieko M. Clarke</u> and <u>Michael Gridley</u>, Alexandria, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal for absence without leave (AWOL).  Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's due process argument, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-12 Accountant for the agency's Patent and Trademark Office. *Nyamekye v. Department of Commerce*, MSPB Docket No. DC-0752-20-0388-I-1, Initial Appeal File (IAF), Tab 8 at 30. On November 26, 2019, the agency proposed her removal based on 44 hours of AWOL between July 22 and August 30, 2019. *Id.* at 70-76. Specifically, the agency alleged that, on 18 different days, the appellant was absent from work, without authorization, for various periods of time totaling 44 hours.[2] *Id.* at 70-71. The agency further alleged that the appellant had not requested leave for her absences, had claimed these hours as time worked, and had been paid accordingly. *Id.* at 70. The appellant responded to the proposed removal, and on January 15, 2020, the deciding official issued a decision sustaining the charge and removing the appellant effective January 24, 2020. *Id.* at 36-41, 43-68.

---

[2] The 18 specifications of AWOL are misnumbered in the notice of proposed removal. IAF, Tab 8 at 70-71. However, there is no indication that this misnumbering caused the appellant any confusion such that she was unable to understand the precise nature of the agency's allegations.

The appellant filed a Board appeal, contesting the merits of the agency's action and raising affirmative defenses of race and sex discrimination.[3] IAF, Tab 1 at 4-6; *Nyamekye v. Department of Commerce*, MSPB Docket No. DC-0752-20-0388-I-2, Appeal File (I-2 AF), Tab 5, Tab 14 at 8-13, Tab 17 at 5-6. After a hearing, the administrative judge issued an initial decision affirming the appellant's removal. I-2 AF, Tab 25, Initial Decision (ID). She found that the agency proved its charge and that the appellant failed to prove her affirmative defenses. ID at 3-37. The administrative judge also found that the penalty was within the tolerable limits of reasonableness. ID at 37-42.

The appellant has filed a petition for review, arguing that the agency violated her right to due process, that the administrative judge erred in analyzing her discrimination claims, and that the removal penalty is inconsistent with the penalties imposed on other employees for similar offenses. Petition for Review (PFR) File, Tab 3. The agency has filed a response. PFR File, Tab 5.

## ANALYSIS

### The agency proved its AWOL charge.

To prove an absence without leave charge, an agency must show that the employee was absent from duty, and either that her absence was unauthorized or that her request for leave was properly denied. *Boscoe v. Department of Agriculture*, 54 M.S.P.R. 315, 325 (1992). In this case, the administrative judge considered each of the 18 specifications of AWOL and found that the appellant was absent from duty during various periods of time during which she was supposed to have been at work, for a total of 44 hours as the agency alleged. ID at 15-28. Accordingly, the administrative judge sustained each of the

---

[3] The appellant initially alleged discrimination based on age, but we find that she has abandoned that claim. IAF, Tab 1 at 6; *see Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-28. The appellant's only allegation of age discrimination was a pro forma assertion in her initial filing, she was represented by an attorney throughout these proceedings, and she did not object when age discrimination was not included as an issue in the administrative judge's prehearing conference summary. IAF, Tab 1 at 6; I-2 AF, Tab 17. Nor has the appellant raised the issue on petition for review.

18 specifications and the charge as a whole. *Id.* The administrative judge's findings are well-reasoned and supported by the record, and the appellant does not contest them on review. *See* 5 C.F.R. § 1201.115 ("The Board normally will consider only issues raised in a timely filed petition or cross petition for review.").

<u>The appellant has not shown that the agency denied her due process.</u>

On petition for review, the appellant argues that the agency denied her right to due process because the deciding official based his penalty determination partly on information that was not contained in the notice of proposed removal. PFR File, Tab 3 at 9-15. Specifically, in her response to the notice of proposed removal, the appellant stated that she sometimes worked more hours than she actually reported. IAF, Tab 8 at 47-49. Far from allaying his concerns about the appellant's behavior, the deciding official believed that her failure to record work time represented further disregard for the agency's time and attendance policies, and he considered this evidence in arriving at his decision. Hearing Transcript, Day 1 (Tr. 1) at 212-15, 235-37 (testimony of the deciding official).

As a threshold matter, we acknowledge that the appellant did not raise this affirmative defense in time for it to be included as an issue in the administrative judge's prehearing conference summary. Nevertheless, during the course of the hearing, the deciding official gave information which had not been adduced in discovery and which the appellant's representative interpreted as evidence of a due process violation. PFR File, Tab 3 at 5-6; Hearing Transcript, Day 2 (Tr. 2) at 126 (appellant's closing argument). The appellant's representative raised the issue before the close of the record below, during his closing argument. Tr. 2 at 126-27 (appellant's closing argument). This argument, however, was not addressed by the administrative judge in her initial decision. *Cf. Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (stating that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's

conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests). We find that the appellant acted with due diligence in raising her due process argument under the circumstances, and we will address it on review.

An agency's failure to provide a tenured public employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives her of her property right in her employment constitutes an abridgement of her constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information. Therefore, an employee must be given advance notice of any aggravating factors supporting an enhanced penalty as well as a meaningful opportunity to address whether the level of penalty to be imposed is appropriate. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999).

As an initial matter, we agree with the appellant that she was charged with AWOL and not with any other violation of the agency's time and attendance rules. PFR File, Tab 3 at 8-10, 14. However, there is no indication in the record that the deciding official relied on the appellant's failure to record work time as a basis to sustain the AWOL charge. Nor is there any blanket prohibition on considering uncharged misconduct for purposes of penalty, as long as the employee is on notice of the matter. *Thomas v. U.S. Postal Service*, 96 M.S.P.R. 179, ¶ 9 (2004). The appellant clearly expected that the deciding official would consider her failure to record work time in reaching his decision because she herself raised the issue in response to the notice of proposed removal. IAF, Tab 8 at 47-49. Therefore, contrary to the appellant's arguments, there was no ex parte communication. PFR File, Tab 3 at 11-12. Although the appellant may not have

predicted that the deciding official would view the information that she provided in a negative light, due process does not require that an employee know in advance what the deciding official's assessment of the evidence will be. *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 12 (2014), *aff'd*, 595 F. App'x 995 (Fed. Cir. 2015). Nor do the principles of due process guarantee that an employee's response will not be seen to undermine her own case. *See, e.g.*, *Talavera v. Agency for International Development*, 104 M.S.P.R. 445, ¶ 10 (2007). For these reasons, we find that the appellant has not shown that the agency violated her right to due process.[4]

<u>The administrative judge properly determined that the appellant did not prove her claims of race and sex discrimination.</u>

To establish a claim of race or sex discrimination, an appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22. In this case, the appellant cited various pieces of evidence in support of her claims, including evidence of the events that instigated the agency's investigation, evidence of the agency's allegedly more favorable treatment of male and Caucasian employees, changes in her performance rating after she was assigned a new first-level supervisor, and a chart describing the agency's actions toward other employees who had committed AWOL offenses. I-2 AF, Tab 5 at 6-10, Tab 14 at 18-21. The administrative judge discussed all of this evidence in detail but found that none of it gave rise to an inference of discrimination. ID at 19-37.

_____

[4] When the Board determines that an agency has not violated an appellant's due process rights, it must consider whether the agency committed harmful procedural error. *Ward*, 634 F.3d at 1281-82. The burden is on the appellant to prove harmful error. 5 C.F.R. § 1201.4(r). A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. §§ 1201.4(r), 1201.56(c)(3). Here, because the appellant has not alleged that the agency committed any error in applying its procedures, we discern no basis for a finding of harmful error.

On petition for review, the appellant again points out that the only time in her career with the agency that she received a performance rating of less than "Commendable" was in fiscal year 2019, after she was assigned the new first-level supervisor who later launched the investigation into her AWOL. PFR File, Tab 3 at 23-24; IAF, Tab 10 at 10-21. The appellant also renews her argument that the agency's treatment of 50 different employees charged with 100 hours of AWOL or less between January 1, 2017, and March 11, 2019, shows that the agency treated African American employees more harshly than Caucasian employees. PFR File, Tab 3 at 23.

We have reevaluated the evidence that the appellant cites, but we come to the same conclusion as the administrative judge. As the administrative judge accurately observed, "[I]t is not uncommon that supervisors rate employees differently or that a new supervisor may provide increased oversight to her subordinate employees." ID at 32. Moreover, even if the appellant's fiscal year 2019 rating was overly critical from an objective standpoint, it would not follow that the reason for this was discrimination. *See Lewin v. Department of Justice*, 74 M.S.P.R. 294, 298-99 (1997).

Regarding the 50 employees disciplined for 100 hours of AWOL or less, the appellant accurately points out that more than half of these individuals (26 out of 50) were African American. PFR File, Tab 3 at 23; I-2 AF, Tab 14 at 18-21. However, to the extent that the appellant is attempting to proffer unidentified individuals as comparators for purposes of her status-based discrimination claim, she has not shown that any such similarly situated comparator exists. *See Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012). In other words, the information in this chart is insufficient to show that any similarly situated non-African American employees committed similar AWOL offenses and were not disciplined. The administrative judge carefully analyzed the information in this chart, and we agree with her that it does not demonstrate any sort of institutional bias or pattern of treating female or African American employees

more harshly than others.[5]  ID at 30-31.  For the reasons explained in the initial decision, we agree with the administrative judge that the appellant has not shown that either race or sex was a motivating factor in her removal.[6]  ID at 29-37.

The removal penalty was reasonable.

Because the agency's only charge is sustained, the Board's authority to review the penalty is limited.  *Cantu v. Department of the Treasury*, 88 M.S.P.R. 253, ¶ 4 (2001).  Specifically, the Board reviews an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness.  *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981).  In reviewing an agency-imposed penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency; the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised within tolerable limits of reasonableness.  *Id.* at 302.  The Board has identified a non-exhaustive list of factors that are normally relevant in arriving at a penalty determination.  *Id.* at 305-06.

The administrative judge found that the agency properly considered the relevant *Douglas* factors.  ID at 38-42.  She agreed with the deciding official that the appellant's good work history and 11 years of discipline-free service were

---

[5] To the extent that the appellant is attempting to raise a disparate impact claim, we decline to consider this argument because she has raised it for the first time on petition for review without showing that it is based on new and material evidence.  *See Clay v. Department of the Army,* 123 M.S.P.R. 245, ¶ 6 (2016).  In any event, the evidence that the appellant has offered is insufficient to establish the existence of any statistical disparity, as is required to support a prima facie case of disparate impact discrimination.  *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 991-94 (1988) (setting forth the standard for establishing a prima facie case of discrimination based on disparate impact).

[6] Because we find no error with the administrative judge's motivating factor analysis or conclusion regarding the appellant's discrimination claims, we do not reach the question of whether the appellant's race or sex was a but-for cause of the removal action.  *See  Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 5 n.2

mitigating factors. ID at 39-40; IAF, Tab 8 at 37. However, she found that the deciding official did not abuse his discretion in concluding that these did not outweigh the aggravating factors, particularly the appellant's lack of rehabilitative potential and the nature and duties of her position, which included ensuring time and attendance compliance for other employees. ID at 38-42; IAF, Tab 8 at 37-38. The administrative judge acknowledged that other employees with similar amounts of AWOL were given lesser penalties, but she agreed with the deciding official that the disparity was justified because of the nature of the appellant's duties, position, and responsibilities. ID at 40; IAF, Tab 8 at 38; I-2 AF, Tab 19 at 48.

On petition for review, the appellant focuses on the issue of whether the penalty in her case was consistent with penalties previously levied against other employees for similar offenses. PFR File, Tab 3 at 15-22. The evidence on this issue consists mainly of a chart that the agency created for the deciding official's consideration. This chart lists 12 employees who were previously disciplined for AWOL, and in the cases of 3 of those employees, improperly claimed overtime, compensatory time, and credit time as well. I-2 AF, Tab 19 at 48. The chart denotes the amount of AWOL and total amount of time abuse (AWOL plus improperly claimed time) charged to each employee, the period of time over which the infractions occurred, whether there was prior discipline involved, and the penalty meted out in each case. *Id.* Recognizing that the appellant's infractions occurred over a 6-week period, the agency also calculated for each employee 6-week equivalents of their actual AWOL and other time abuse as a function of the hours charged and the time period covered versus the 6-week time period at issue in this appeal.[7] *Id.* Out of the 12 proffered comparators, three

_____

[7] For instance, one employee was charged with 52 hours of AWOL and 66 hours of improperly claimed time over an 8-month period. I-2 AF, Tab 19 at 48. The agency determined that this equated to 10 hours of AWOL and 12 hours of improperly claimed time (for a total of 22 hours of time abuse) over a 6-week period. *Id.* The agency's calculations themselves are not in the record. However, it would appear that the agency reached this result by determining that a period of 8 months contains approximately

were removed, two of whom had prior discipline, and the remainder received suspensions ranging from 2 to 30 days. *Id.*

On petition for review, the appellant criticizes the utility of the chart, particularly the agency's use of 6-week equivalents. She argues that the majority of these employees' cases are not comparable to hers because they were AWOL well in excess of the 44 hours with which she was charged, and the agency cannot make these dissimilar cases similar by engaging in the fiction that the other employees' offenses were somehow compressed into a 6-week period. PFR File, Tab 3 at 17-20. The appellant also argues that, although the relation between her job duties and the charged misconduct was a primary driver of the agency's penalty assessment, the chart does not disclose the positions held by the proffered comparators, and the deciding official was unaware of whether any of those other individuals might have had time and attendance-related duties as well. *Id.* at 21-22.

The appellant's concern about the 6-week equivalents is well-taken. Although this appears to have been a good faith effort by the agency to expand its data set, we are skeptical that employees who were charged with as much as 6.5 times the total AWOL as the appellant are comparable in committing similar offenses, regardless of how long it took them to accrue that AWOL. Based on the data in the chart, it appears to us that the three most similarly situated employees incurred 36.75 hours of AWOL over 2.5 months, 30.5 hours of AWOL over 1.5 months, and 46 hours of AWOL over 2 months. I-2 AF, Tab 19 at 48. These employees, none of whom had prior discipline, received suspensions of 10 days, 2 days, and 5 days, respectively. *Id.* The removal penalty that the appellant received was significantly harsher.

---

240 days, or 34.29 weeks. Dividing 34.29 by 6 results in 5.71. The total of 52 hours of total AWOL, divided by 5.71, is 9.1 hours, which the agency rounded up to 10 to reach a 6-week equivalency. Dividing the 66 hours of improperly claimed time by the same 5.71 figure equates to 11.58 hours, which the agency rounded up to 12. Similar calculations can be made for the other cases.

Nevertheless, the consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one of a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18; *Douglas*, 5 M.S.P.R. at 305-06. Therefore, while the fact that one employee receives a more severe penalty than that imposed on a comparator who has committed the same or similar misconduct should be considered in favor of mitigating the penalty in a given case, mitigation is by no means required in all such cases. *Singh*, 2022 MSPB 15, ¶ 18. The proper inquiry is whether the agency knowingly treated employees differently in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service. *Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988). Although the deciding official may not have been aware of whether any of the proffered comparators were also responsible for ensuring time and attendance compliance, he did not render his decision knowing that such similarities existed, thereby knowingly treating the appellant more harshly than other similarly situated individuals. *Cf. Singh*, 2022 MSPB 15, ¶ 13 (stating that the universe of potential comparators "should be limited to those employees whose misconduct and/or other circumstances closely resemble those of the appellant"). In fact, information provided to the appellant during discovery shows that none of the three individuals who committed similar AWOL infractions were Accountants; one of them was a Paralegal and the other two were Patent Examiners. I-2 AF, Tab 14 at 19-20, Tab 19 at 48. There is no reason to suppose that the duties of any of these three individuals involved administering the agency's time and attendance system.

The nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibility, remains the most important factor in assessing the reasonableness of a penalty. *Singh*, 2022 MSPB 15, ¶ 18. Therefore, notwithstanding the agency's decision to levy a harsher penalty in the

appellant's case, we agree with the administrative judge that its decision was within the tolerable limits of reasonableness, especially in light of the appellant's time and attendance-related duties.  ID at 42.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.