**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CYNTHIA J. YOUNG,
   Appellant,

  v.

DEPARTMENT OF VETERANS
  AFFAIRS,
   Agency.

DOCKET NUMBER
DA-0752-17-0315-I-3

DATE: June 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shawn G. Childs, Esquire, Little Rock, Arkansas, for the appellant.

Sean A. Safdi, Esquire, and Daniel Morvant, Denver, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

  The appellant has filed a petition for review of the initial decision, which affirmed her removal. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant was not a qualified individual with a disability, and apply the correct standard of proof to the appellant's claim of retaliation under the Rehabilitation Act, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency in a Medical Support Assistant (MSA) position, GS-0679-05. *Young v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0315-I-1, Initial Appeal File (IAF), Tab 8 at 14. She last reported for duty on September 19, 2016. *Id.* at 57. She notified the agency that she was absent due to her medical conditions. *Id.* at 58. The appellant remained absent despite the agency's November 3, 2016 order to return to duty. *Id.* at 27, 57-59. On November 15, 2016, the agency notified the appellant that "[her] position needed to be filled on a full-time basis, and that [her] continued absence would be subject to disciplinary action up to and including removal." *Id.* at 27, 78. The appellant made several requests for leave without pay (LWOP) and Family Medical Leave Act (FMLA)-protected leave during her absence. *Id.* at 51-77, 79-95, 121. She also submitted a request from

her treating physician recommending that she be reassigned to another department and to work a part-time schedule. *Id.* at 115-23. The agency granted her request for leave under the FMLA for the period of September 19 to December 11, 2016, but disapproved her subsequent requests because she had exhausted her FMLA entitlement. *Id.* at 96-97. On March 21, 2017, the agency proposed the appellant's removal based on one charge of excessive absenteeism based on her failure to report for duty from December 12, 2016, through March 18, 2017. *Id.* at 27-28. After sustaining the charge, the deciding official removed the appellant from Federal service, effective May 5, 2017. *Id.* at 36-37.

The appellant filed an appeal, challenging the merits of the charge and raising affirmative defenses of harmful procedural error, discrimination based on her race, color, and disability, and reprisal for equal employment opportunity (EEO) activity. IAF, Tab 1 at 3. After holding a hearing, the administrative judge issued an initial decision, affirming the appellant's removal and denying her affirmative defenses. *Young v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0315-I-3, Appeal File (I-3 AF), Tab 41, Initial Decision (I-3 ID) at 1-2, 5-8, 12, 15. He also found that there was a nexus between the appellant's removal and the efficiency of the service and the penalty of removal was reasonable. I-3 ID at 18-21.

The appellant has filed a petition for review, challenging the administrative judge's decision to sustain the charge and his denial of her affirmative defenses. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW
The agency proved the charge of excessive absenteeism.

The administrative judge applied the correct three-part test for determining whether the agency proved the charge of excessive absenteeism. I-3 ID at 2-3. To prove such a charge when, as here, it is based on approved leave, an agency

must establish that: (1) the employee was absent for compelling reasons beyond her control so that agency approval or disapproval of leave was immaterial because the employee could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless the employee became available for duty on a regular full-time or part-time basis; and (3) the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis. *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984). The administrative judge found that the appellant's over 3-month absence was beyond her control, as reflected in her medical documentation and by her own admission, and the period at issue in her removal was not protected under the FMLA. I-3 ID at 4 & n.3. He also concluded that the agency warned her about the consequences of her continued unavailability in its November 3 and 15, 2016 letters. I-3 ID at 4; IAF, Tab 8 at 27, 57-59, 78. Finally, he concluded that the agency needed the appellant to perform the duties of her position on a full-time basis. I-3 ID at 4-5. He therefore sustained the charge. I-3 ID at 5-6.

On review, the appellant has not challenged the administrative judge's findings regarding the first two prongs of the *Cook* analysis, and we discern no error in those well-reasoned, credibility-based findings. PFR File, Tab 1; I-3 ID at 3-5. Rather, she appears to challenge the administrative judge's finding regarding the third prong, reasserting that the agency did not need her to report for duty on a full-time basis. PFR File, Tab 1 at 2-3. We disagree with the appellant's argument.

In finding that the agency met the third prong of the *Cook* analysis, the administrative judge relied on the testimony of the proposing and deciding officials that the agency needed the appellant on a full-time basis, and he credited their testimony over the contrary testimony of a former MSA. I-3 ID at 5-6. The administrative judge found that the deciding official testified that the other MSAs were disadvantaged when an MSA in the call center was consistently absent. I-3

ID at 5. Similarly, according to the administrative judge, the proposing official explained that excessive absences by MSAs directly affected patient care and the MSAs would be subject to "burnout" if there were too few MSAs in the call center. *Id.* The appellant does not dispute the administrative judge's characterization of this testimony. Instead, she argues that the administrative judge did not consider the testimony of her former coworker, a former MSA in the call center, which she claims proved that the agency did not need her on a full-time basis. PFR File, Tab 1 at 2-3.

The Board must give deference to an administrative judge's demeanor-based credibility findings. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004). It may overturn those findings for sufficiently sound reasons, such as when the findings are incomplete, inconsistent with the weight of the evidence, or do not reflect the record as a whole. *Id.* The appellant has not offered such reasons. The administrative judge considered the former MSA's testimony, but nevertheless credited the testimony of the deciding and proposing officials. I-3 ID at 5. He observed that the former MSA's testimony was not necessarily inconsistent with their testimony, as she also admitted that service would be negatively impacted if the call center were reduced by even one MSA. *Id.* Moreover, the appellant's contentions on review—that the call center was understaffed and the call center MSAs were overworked, as a result—are consistent with the management officials' testimony. PFR File, Tab 1 at 2. Therefore, we afford the administrative judge's explicit and implicit demeanor-based factual findings deference. *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (explaining that the Board generally must defer to an administrative judge's implicit and explicit demeanor-based credibility findings). Accordingly, the appellant has not provided a basis for overturning the administrative judge's decision to sustain the charge.

<u>The appellant did not prove that her removal was based on harmful error.</u>

As the administrative judge correctly explained, harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; the appellant must establish that the agency's procedural error was likely to have caused it to reach a conclusion different from the one it would have reached in the absence or cure of the error. I-3 ID at 6-7; *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 31 (2012); *see* 5 C.F.R. § 1201.56(b)(2)(i)(C) (explaining that an appellant has the burden of proof on her affirmative defenses). The administrative judge found that, even if the agency mishandled the appellant's FMLA requests or failed to conduct a proper investigation into her alleged misconduct, as the appellant claimed, she did not prove that those errors were harmful. I-3 ID at 7. The appellant has not challenged that finding on review and we find no basis for revisiting it.

The administrative judge further found that the appellant did not request an oral reply; therefore, the agency did not commit procedural error by not affording her one. *Id.* On review, the appellant asserts that the agency notified her that she could submit a written reply and that the deciding official considered her written replies in reaching her removal decision. PFR File, Tab 1 at 2. Thus, she does not appear to contend that the agency erred in considering her written reply. *Id.* To the extent that she is attempting to argue that the agency denied her an opportunity to submit an oral reply, the record does not support such a finding. As the administrative judge explained, the proposal notice notified the appellant of her right to request an oral reply. I-3 ID at 7; IAF, Tab 8 at 27-28. The appellant does not assert that she made or was prevented from making that request. PFR File, Tab 1 at 2-3. Accordingly, she has not provided a basis for disturbing the administrative judge's finding that she did not prove her harmful error defense.

<u>We modify the initial decision as to the appellant's disability discrimination claims to find that the appellant did not prove that she was a qualified individual with a disability.</u>

> *Because she was not a qualified individual with a disability, the appellant did not prove her claim that the agency denied her reasonable accommodation.*

The administrative judge found that the appellant failed to prove her denial of reasonable accommodation and status-based disability discrimination affirmative defenses. I-3 ID at 8-15. In reaching those findings, the administrative judge did not expressly determine whether the appellant could perform the essential duties of her position with or without a reasonable accommodation. I-3 ID at 11-12, 14-15. However, for the reasons explained below, we find that remand is unnecessary because the record on this issue is fully developed. *See, e.g.*, *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 27 (2016) (deciding an appellant's claim of status-based disability discrimination on review, rather than remanding, when the administrative judge applied an incorrect standard but the record was fully developed). We therefore modify the initial decision to address whether the appellant was a qualified individual with a disability.

Both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8).

Based on the appellant's own statements, the medical evidence in the record,[2] and other record evidence relating to the appellant's leave and reasonable

---

[2] The record includes the appellant's medical documentation that she submitted to the agency; however, she did not call her treating physician as a witness. I-3 AF, Tab 33 at 4.

accommodation requests, we conclude that the appellant was not a qualified individual with a disability.[3] IAF, Tab 40, Hearing Compact Disc (HCD), Day 2 (testimony of the appellant); IAF, Tab 8 at 51-77, 79-100, 107, 115-23, 185-96, 281-88. The essential job functions of the appellant's MSA position were to answer phone calls; make appointments; order x-rays, labs, and electrocardiographs; and "[t]alk to patients all day on the phone." IAF, Tab 8 at 117. The appellant admitted that she was absent from work due to medical conditions that her treating physician believed would last for the duration of her life. HCD, Day 2 at 1:16:00-1:19:00, 1:26:00-1:30:30 (testimony of the appellant). This testimony was consistent with the medical documentation from the appellant's treating physician. IAF, Tab 8 at 115-20, 188-91.

Upon her request, the agency granted the appellant FMLA-protected LWOP from September 19 to December 11, 2016. *Id.* at 57, 96. However, the agency declined to approve her requests for LWOP to cover the period beginning December 12, 2016, due to the impact of her absence on patients' access to care. *Id.* at 96-97. The administrative judge found that the appellant was not entitled to additional FMLA-protected leave beginning December 12, 2016. I-3 ID at 4 n.3. The appellant does not challenge this finding on review, and we discern no basis

_____

[3] After the record closed on review, the appellant filed a motion for leave to submit documentation, which she claims shows that she became disabled on September 19, 2016. PFR File, Tab 2 at 1-2, Tab 4 at 1; *see* 5 C.F.R. § 1201.114(k) (explaining that the record on review closes on expiration of the period for filing the reply to the response to the petition for review or for filing a response to the cross petition for review, whichever is later). Once the record closes, no additional evidence or argument will be accepted unless it is new and material, as defined in 5 C.F.R. § 1201.115(d), and the moving party shows that the evidence or argument was not readily available before the record closed. 5 C.F.R. § 1201.114(k). The appellant has not made this necessary showing. The documentation appears to be dated before the initial decision's issuance and the appellant has not explained why she did not submit it below. PFR File, Tab 4 at 1; I-3 ID at 1. Further, given our decision to deny the appellant's petition for review, despite finding that she was disabled, she has not shown that this evidence is material. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Therefore, we deny the appellant's motion.

for disturbing it. *See* 5 U.S.C. § 6382(a)(1)(D) (providing that an employee may take up to 12 weeks of FMLA-protected leave per year, paid or unpaid, for various purposes, including her own serious health condition that renders her unable to perform the duties of her position); *Dias v. Department of Veterans Affairs*, 102 M.S.P.R. 53, ¶ 5 (2006) (same), *aff'd per curiam*, 223 F. App'x 986 (Fed. Cir. 2007); 5 C.F.R. § 630.1203(c) (providing that "[t]he 12-month [FMLA period] . . . begins on the date an employee first takes leave for a family or medical need . . . and continues for 12 months"). The administrative judge concluded that, because the appellant's medical providers stated that her condition was "ongoing" and would persist for "life," she was essentially requesting that the agency grant her unlimited LWOP. I-3 ID at 11; IAF, Tab 8 at 117-18, 188-90. Leave may be a form of reasonable accommodation in appropriate circumstances. Equal Employment Opportunity Commission, Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, Types of Reasonable Accommodations Related to Job Performance, Leave, Notice 915.002 (Oct. 17, 2002). However, the appellant has not alleged that, with or without leave, she would be able to return to work. *See Bologna v. Department of Defense*, 73 M.S.P.R. 110,114 (explaining that, in the context of a leave-related charge, an agency may properly deny an employee's LWOP request when there is no foreseeable end in sight to her absences and those absences are a burden on the agency), *aff'd*, 135 F.3d 774 (Fed. Cir. 1997). Rather, she seeks indefinite leave, and thus has not shown that she is a qualified individual with a disability.

The appellant also asserts that the agency improperly denied her request for a part-time schedule, which would have allowed her to continue working in the call center. PFR File, Tab 1 at 2-3. A modified or part-time schedule can be a type of reasonable accommodation. *See* 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o)(2)(ii). As the appellant argues, her treating physician concluded that she could perform 6 hours of work a day and recommended such a schedule as a

reasonable accommodation. PFR File, Tab 1 at 3; IAF, Tab 8 at 119. However, he also opined that the appellant was "unable to perform any of her job duties" due to her serious and ongoing medical conditions. IAF, Tab 8 at 118, 189. He identified the source of the appellant's psychiatric condition as job-related stress created by her supervisor and the patients with whom she spoke on the phone. *Id.* at 115-16, 118. The appellant's medical documentation fails to explain how working 2 fewer hours per day would enable her to perform the essential duties of her position. Given her treating physician's opinion that the appellant was unable to perform the duties of her position and his failure to explain his reason for recommending a modified schedule, we find that the appellant has not shown that a part-time or reduced schedule would have enabled her to perform the essential duties of her position. *See Slater v. Department of Homeland Security*, 108 M.S.P.R. 419, ¶ 15 (2008) (explaining that whether a medical opinion provided a reasoned explanation for its findings as distinct from mere conclusory assertions is a factor for determining the probative weight of medical opinion), *overruled on other grounds by Haas*, 2022 MSPB 36. Moreover, although the agency apparently had not made a determination whether to permanently grant her requested accommodation, it offered the appellant her requested modified schedule as an interim reasonable accommodation. I-3 AF, Tab 29 at 19, Tab 30 at 154, 168, 191. The appellant rejected the agency's offer. IAF, Tab 30 at 168. She has not challenged the administrative judge's finding that she did not identify a vacant funded position to which the agency could have reassigned her. I-3 ID at 12; *see Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014) (finding that the appellant did not meet his burden to prove the agency denied him a reasonable accommodation, in part, because he did not show that there was a position to which he could have been reassigned).

For the foregoing reasons, the appellant cannot prevail on her claim of disability discrimination based on the agency's alleged failure to reasonably accommodate her. We therefore decline to consider the appellant's remaining

challenges to the administrative judge's findings regarding her denial of reasonable accommodation claim, and we vacate the administrative judge's undue burden analysis and findings.

> *We modify the initial decision to find that the appellant did not prove her claim of status-based disability discrimination because she did not show that she was a qualified individual with a disability.*

In denying the appellant's status-based disability discrimination claim, the administrative judge applied the standard set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973), to find that the appellant did not present argument and evidence giving rise to an inference that the agency removed her based on her disability. I-3 ID at 12-15. However, because the appellant failed to prove that she was a qualified individual with a disability, we find it unnecessary to address whether her disability was a motivating factor in the agency's decision to remove her. *See Haas*, 2022 MSPB 36, ¶ 28. We modify the initial decision accordingly.

<u>The appellant did not prove that the agency removed her in retaliation for her protected equal employment opportunity activity.</u>

The administrative judge also found that the appellant failed to prove that her protected EEO activity was a motivating factor in her removal. I-3 ID at 15-18. To prove an affirmative defense of retaliation for EEO activity protected under Title VII, an appellant must show that the prohibited consideration was at least a motivating factor in the agency's decision. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22, 30. However, to prove an affirmative defense of retaliation for EEO activity protected under the Rehabilitation Act, an appellant must prove that the prohibited consideration was a but-for cause of the agency's action. *Id.*, ¶¶ 45-47. As discussed below, we affirm the administrative judge's factual findings and reach the same conclusion, while modifying the initial decision to apply the correct standard.

The appellant filed EEO complaints on August 24, 2015, and June 15, 2016; she amended those complaints several times. IAF, Tab 8 at 38-50. She contended that the agency removed her in reprisal for filing those complaints. IAF, Tab 1 at 3. In her complaints, the appellant alleged that the agency discriminated against her and harassed her based on her race and color; therefore, the appellant engaged in activity protected by Title VII. IAF, Tab 8 at 38, 43; *see* 42 U.S.C. 2000e-16(a). However, she also alleged that the agency constructively denied her requests for reasonable accommodation. IAF, Tab 8 at 39. That activity was protected under the Rehabilitation Act. *See Pridgen*, 2022 MSPB 31, ¶ 44 (recognizing that requesting a reasonable accommodation and complaining of disability discrimination are activities protected by the Rehabilitation Act). Because we agree with the administrative judge that the appellant failed to meet the lesser burden of proving that her protected activity was a motivating factor in her removal, she necessarily failed to meet the more stringent but-for standard that applies to her retaliation claim. *Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 5 n.2.

The administrative judge properly considered all of the evidence as a whole in determining whether the appellant proved that her removal was motivated by retaliatory animus. I-3 ID at 16; *see Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶¶ 30-31 (2016) (finding that an administrative judge properly considered the evidence as a whole in concluding that an appellant failed to prove her Title VII affirmative defenses), *clarified by Pridgen*, 2022 MSPB 31, ¶¶ 23-24. He found that the appellant identified no employees who did not have prior EEO complaints and were treated more favorably. I-3 ID at 17 n.16. He further found that, even if the deciding and proposing officials had knowledge of the appellant's EEO complaints, the appellant did not show that the alleged actions taken by management officials leading up to her removal, such as contacting her regarding her leave balances and subjecting her to general workplace stress, were motivated by her protected EEO activities. I-3 ID

at 17-18. He also relied on the demeanor of the deciding official in crediting her testimony that she did not consider the appellant's protected statuses in removing her. I-3 ID at 18. Finally, he concluded that the agency offered "a sound basis" for removing the appellant. *Id.*

On review, the appellant contends that the administrative judge failed to find that the deciding official had knowledge of her EEO activity. PFR File, Tab 1 at 2. However, the appellant has not shown how that purported failure affected the outcome of the appeal. The administrative judge correctly concluded that, even if the deciding official knew of the appellant's EEO activity, the appellant did not meet her burden of proving that the deciding official was motivated by discriminatory animus in removing her. I-3 ID at 17-18; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). The appellant also notes that the deciding official rescinded a December 2016 notice of proposed removal for absence without leave and failure to follow instructions. PFR File, Tab 1 at 2; IAF, Tab 8 at 167-77. She contends that the deciding official was unaware of her prior EEO activity when the deciding official rescinded the first notice of proposed removal, but learned of it before removing her in April 2017, for excessive absenteeism. PFR File, Tab 1 at 2. The appellant therefore surmises that her removal was based on discriminatory animus for her EEO activity. PFR File, Tab 1 at 2. Her unsupported assertion is insufficient to prove discriminatory animus, especially considering that the conduct for which the appellant was removed was different than the conduct that formed the basis of the rescinded notice of proposed removal. *See Gardner*, 123 M.S.P.R. 647, ¶ 32 (finding unpersuasive an appellant's conclusory arguments on review, in which she sought to reweigh evidence properly considered by the administrative judge).

Moreover, an administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 14 (2015),

*aff'd per curiam*, 652 F. App'x 971 (Fed. Cir. 2016). Not specifically discussing every evidentiary matter or credibility factor does not mean that an administrative judge failed to consider them. *Id.* Further, the appellant's arguments do not provide sufficiently sound reasons for overturning the administrative judge's credibility findings. *Faucher*, 96 M.S.P.R. 203, ¶ 8. Therefore, the Board must give deference to those findings. *Purifoy*, 838 F.3d at 1372-73.

Accordingly, the appellant did not prove that her Title VII-protected activities were a motivating factor in the agency's removal decision. Similarly, she did prove that her Rehabilitation Act-protected activities were a but-for cause of her removal.

## The appellant did not prove that the agency discriminated against her based on race or color.

After reviewing the evidence as a whole, the administrative judge concluded that the appellant did not prove her affirmative defenses of discrimination based on race and color. I-3 ID at 16, 18. He reasoned that, even if the four white employees the appellant identified were comparators, the agency removed them for excessive absenteeism, as it had the appellant. I-3 ID at 16-17. He observed that the alleged comparator employees' absentee periods may have been longer; however, he concluded that was of no consequence because it was apparent to the agency that, after 3 months, the appellant was medically unable to perform her job functions and it did not need any additional time before determining that the appellant could not return to duty. I-3 ID at 17. The administrative judge also credited the testimony of the deciding official denying discriminatory animus and concluded that the other evidence the appellant offered, such as "requiring her to copy supervisors on emails, sending emails to her regarding her leave balance, and other incidents regarding leave and general workplace stress," did not show that the involved management officials removed her based on a discriminatory motive. I-3 ID at 17-18.

On review, the appellant reasserts that she proved the agency discriminated against her based on her race and color because it treated the white comparator employees more favorably by allowing them to accrue more absences before removing them. PFR File, Tab 1 at 3. As explained above, the administrative judge considered that potential difference, but found that it did not constitute evidence of discriminatory motive, given the agency's reason for declining to allow the appellant to accrue additional absences. I-3 ID at 17. In sum, the administrative judge addressed the appellant's arguments, considered the evidence overall, and reached well-reasoned credibility-based findings. The appellant's conclusory assertion that the management officials "repeatedly harassed [her], treated [her] disparately [sic], and treated Caucasian employees more favorabl[y]," PFR File, Tab 1 at 3, does not provide a basis for disturbing the administrative judge's well-supported findings. *See Gardner*, 123 M.S.P.R. 647, ¶ 32. Accordingly, we affirm the administrative judge's finding that the appellant did not prove that the agency discriminated against her based on her race or color.[4]

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[4] The administrative judge found that the agency proved the nexus of the charged misconduct to the efficiency of the service, and that the penalty of removal was within the tolerable limits of reasonableness. I-3 ID at 19-20. The appellant has not challenged these findings on review, and we discern no basis to disturb them.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.